64 F.3d 664
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Dean PHELPS, Defendant-Appellant,
 No. 94-3984.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1995.
 
 On Appeal from the United States District Court, for the Southern District of Ohio, Nos. 93-00102, 94-00018; Carl B. Rubin, District Judge.
 S.D. Ohio
 REVERSED.
 Before: SUHRHEINRICH and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 This is a sentencing appeal in which the defendant-appellant, Dean Phelps, argues that the district court erred by applying a 10-year statutory minimum to his sentence for conspiracy to possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846. We agree, reverse the judgment as to Phelps's sentence on the marijuana count, and remand the case for resentencing.
 
 
 2
 The district court's mistake was undoubtedly unintentional. Phelps had entered into a plea agreement with the government that acknowledged a mandatory sentencing range applicable to his case of 10 years to life in prison. Although the plea agreement did not mention the quantity of drugs involved, this 10-year statutory minimum applies only to defendants involved with more than 1,000 kilograms. The plea agreement also acknowledged that the base offense level for purposes of sentencing on the marijuana count was 32, "based on the amount of marijuana involved [in the indictment]." This base offense level, like the statutory minimum, applies only when a defendant is involved with more than 1,000 kilograms of marijuana.
 
 
 3
 Along with a standard provision calling for the preparation of a presentence report with a recommended sentencing range, as well as a provision acknowledging that there was no binding agreement concerning the actual sentence to be imposed, the plea agreement also included the government's recommendation of a three-point adjustment for the defendant's acceptance of responsibility and its agreement to move for a downward departure based upon the defendant's substantial assistance.
 
 
 4
 At sentencing, defense counsel challenged the presentence report's calculation of the amount of marijuana for which the defendant was responsible, arguing that 400 pounds of marijuana had been double-counted. The government conceded this point. Thus, instead of involvement in the distribution of 1,166.89 kilograms of marijuana, the correct amount for which Phelps could be held responsible was actually 985.45 kilograms. Accordingly, his base offense level should have been reset at 30, and the statutory minimum sentence applicable to his case was no longer 10 years. The three-point reduction should have lowered his offense level to 27, which, with Phelps's criminal history category of III, would yield a sentencing range of 87-108 months before the downward departure for substantial assistance was calculated.
 
 
 5
 In the ensuing confusion, the government agreed that the correct base offense level was 27 and that the guideline range, as corrected, was 87-108 months. The prosecutor nevertheless continued to insist, for some reason not apparent on the record, that the statutory minimum for Phelps's offense was 10 years or 120 months. The government argued that the downward departure should proceed from this mandatory minimum.
 
 
 6
 The district judge indicated initially that he intended to depart downward 25 percent because of the defendant's substantial assistance. However, the judge apparently followed the government's argument and applied the 25 percent factor to the no-longer-applicable 10-year minimum, specifically (but erroneously) holding that Phelps was "responsible for 1,166.89 kilograms of marijuana" and sentencing him to 90 months in prison.
 
 
 7
 On appeal, the government appears to have abandoned its argument that a 10-year sentence is mandatory inthis case. Instead, citing United States v. Lively, 20 F.3d 193, 199 (6th Cir. 1994), the government now insists that this court lacks jurisdiction to hear the appeal because it involves the failure by the district court to depart downward and because the defendant's sentence of 90 months falls within the applicable range of 87-108 months. But this argument clearly begs the question. The district court in this case did not "fail to depart downward" -- indeed, the judge departed downward by fully 25 percent, just as he declared he would, and the defendant has no quibble with that portion of the court's sentencing order. What the district could failed to do was to depart downward from the correct starting point, which was not 120 months, but 87-108 months, a matter on which both the defendant and the government agree.
 
 
 8
 Concluding that the defendant is entitled to relief, we REVERSE the judgment entered by the district court and REMAND the case for resentencing.
 
 
 9
 SO ORDERED.
 
 
 
 *
 The Hon. Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation